IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv13-FDW

| | |
|---|---|
| DEBRA MAYES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STEEL WORKERS UNION, ) | |
| LOCAL 1089, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint (Doc. No. 2), and Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1), on January 11, 2012. For the reasons explained below, the Court GRANTS Plaintiff's IFP Motion (Doc. No. 1) for the limited purpose of reviewing the Complaint and DISMISSES Plaintiff's Complaint *sua sponte* against Defendant.

First, as for Plaintiff's IFP Motion, the court has carefully considered Plaintiff's financial affidavit, which states that she currently has no income and few financial assets. Thus, it does not appear that she has funds with which to pay the required filing fee at this time. The court will, therefore, grant Plaintiff *in forma pauperis* status.

Having allowed Plaintiff to proceed *in forma pauperis*, the Court has conducted a review of the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

In her complaint, Plaintiff, a black female, appears to bring claims against Defendant for gender discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff alleges that on the machine where she was working Defendant was "showing favors to male coworkers" and that she complained about sexual harassment, but "nothing was done." (Compl. ¶ D.) Plaintiff alleges that the discriminatory acts occurred between July 24, 2009 and November 18, 2010. She further alleges that she filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 6, 2012. Before filing a lawsuit for discrimination under Title VII, a plaintiff must first file an EEOC Charge within 180 days of the alleged discriminatory act. See 42 U.S.C. § 2000e–5(e)(1). Here, by plaintiff's own allegations, she did not file an EEOC Charge within 180 days of the last alleged discriminatory act. Indeed, the EEOC Right to Sue Letter attached

to the Complaint states that Plaintiff's EEOC Charge was not timely filed. For this reason alone, Plaintiff is barred from proceeding on her Title VII claim in this court. Therefore, the court will dismiss the complaint *sua sponte* under Section 1915(e)(2).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 1) is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendant because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is directed to close the case;

4. The Clerk of Court is instructed to send a copy of this Order to Plaintiff at her address of record.

**IT IS SO ORDERED**.

Signed: January 18, 2012

Frank D. Whitney
United States District Judge